UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKSTREAM CORPORATION, THIGMOTROPISM LLC, and ADAM BACK,<br><br>                            Petitioners,<br><br>v.<br><br>INNOSILICON TECHNOLOGY LTD,<br><br>                            Respondent. | Hon. Colleen McMahon<br><br>Civil Action No. 1:25-cv-00902 |

## AMENDED PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioners Blockstream Corporation, Thigmotropism LLC, and Adam Back (collectively "Petitioners"), allege and aver as follows in support of their petition for entry of an order pursuant to 9 U.S.C. §§ 201, 202, and 207: (i) confirming and recognizing the partial final arbitral award (the "Partial Final Award"), dated December 19, 2023, and the final arbitral award (the "Final Award"), dated February 16, 2024, in the arbitration between Petitioners and Respondent Innosilicon Technology Ltd. (the "Respondent"); (ii) entering judgment in Petitioners' favor against Respondent in the amount of the Final Award with interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding Petitioners such other and further relief as the Court deems just and proper.

## PARTIES

1. Petitioner Blockstream Corporation is a Canadian company with registered offices at 925 Boulevard de Maisonneuve, Suite 331, Montreal, QC H3A 0A5, Canada.

2. Petitioner Thigmotropism LLC is a U.S. company, incorporated under the laws of California, with registered offices at 150 Spear Street, Suite 1800, San Francisco, California 94015.

3. Petitioner Adam Back is an individual residing in Malta with a legal residence at Apt. M6, Belmonte Heights, Depiro Street, Sliema, Malta, SLM 2032. Dr. Back is a co-founder and the current chief executive officer ("CEO") of Blockstream.

4. Respondent Innosilicon Technology Ltd. is a limited liability company established under the laws of the People's Republic of China ("PRC"). Its principal place of business is at No. 1, 1-5 Floor, No. 7 Jinronggang 1st Road, Wuhan East Lake Hi-Tech Development Zone, Wuhan, 430223, PRC. The Respondent also has a business address of Building A13, Optical Valley Avenue, Wuhan, 430000, PRC.

## JURISDICTION AND VENUE

5. Petitioners seek confirmation and recognition of an arbitral award issued in two parts: the Partial Final Award (which determined liability) and the Final Award (which determined the monetary value of damages, costs and interest in U.S. dollars). These awards were issued as a result of an arbitration that took place in Hong Kong, China from June 12 to June 16 of 2023. Partial Final Award ¶ 52. The arbitration arose due to a contractual dispute between the parties, and was brought before the Hong Kong (China) International Arbitration Centre (the "HKIAC") pursuant to an agreement included in the contracts giving rise to the dispute. This arbitration was carried out under the 2018 HKIAC Administered Arbitration Rules and was subject to the Hong Kong (China) Arbitration Ordinance. *Id.* at ¶ 17(1). The HKIAC Tribunal issued the Partial Final Award on December 19, 2023 and the Final Award on February 16, 2024, in the total amount of $28,153,116.64. Final Award ¶ 52(a)-(b). Of that amount, $2,336,128.30 represents arbitration costs awarded to Petitioners. *Id.* The Final Award mandates that the Respondent pay 8% interest on the costs of arbitration per annum until paid in full. *Id.* at ¶ 52(d).

6. Pursuant to 9 U.S.C. § 203, this court has original subject matter jurisdiction over this proceeding to confirm and recognize the Partial Final Award and the Final Award. 9 U.S.C. § 203 provides that United States District Courts have original subject matter jurisdiction, regardless of amount in controversy, over a proceeding governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). This proceeding is governed by the New York Convention because the award arises out of a commercial legal association related to a foreign state.

7. Venue is proper in this judicial district pursuant to 9 U.S.C. 204 because the parties' arbitration agreement and the enforcement of the arbitration award falls under the terms of the New York Convention, and a proceeding relating to the parties' dispute could have been brought in any district, if not for the parties' agreement to arbitrate the dispute. In addition, venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Respondent is not a resident of the United States and therefore "may be sued in any judicial district."

## FACTUAL BACKGROUND

8. Petitioners Blockstream Corporation, Thigmotropism LLC, and Adam Back each entered into individual agreements with Respondent for the purchase of Bitcoin mining servers, also called "miners." Partial Final Award ¶ 61. These agreements were substantively identical, with the only differences being the identity of the purchaser and the amount of "petahash" purchased.[1] *Id*. at ¶ 66. Petitioners paid the full contract price, which amounted to $20,500,000,

---

[1] Bitcoin mining is a process by which miners receive Bitcoin by solving a complex computational problem, with the solution to that problem a 256-digit binary number known as a "hash." Partial Final Award ¶ 61. "Petahash" here refers to the measure of speed at which Bitcoin miners operate: petahash per second. *Id*. at n. 1.

3

between January 10, 2018 and January 16, 2018. *Id.* at ¶ 65. The delivery of the miners was completed in September of 2018. *Id.* at ¶ 68.

9. In March of 2018, before delivery was completed, Respondent became aware that the miners it sent to Petitioners had hidden cracks in their chips and were therefore defective. *Id.* at ¶ 69. Petitioners became aware of the defective miners shortly after delivery of the first miners, and brought their concerns to the Respondent's attention. *Id.* at ¶ 72. Respondent, though already aware of these defects, failed to address the defects for several months, before ultimately sending a lone employee to inspect the defective miners. *Id.* at ¶ 80. Respondent's employee took several pictures of the miners and sent those pictures to Respondent, purportedly to facilitate a resolution. *Id.* This employee failed to resolve the defects, and despite repeated requests by Petitioners, Respondent failed to replace the defective components. *Id.* at ¶¶ 81-83.

10. Respondent delivered these miners to Petitioners with full knowledge of the defective components, and its refusal to replace or fix the components led to the underlying arbitration. *Id.* at ¶ 83.

11. Petitioners submitted their Notice of Arbitration on December 30, 2020. *Id.* at ¶ 12. The arbitration occurred before a Tribunal constituted by the HKIAC. *Id.* at ¶ 14. On October 18, 2022, the Tribunal issued its Partial Award on Costs of the Jurisdiction Challenge, in which Respondent was ordered to pay $1,033,229.21 plus expenses of $21, 861.73. *Id.* at ¶ 23.

12. The arbitral merits hearing occurred between June 12 and June 16, 2023, before the HKIAC Tribunal. *Id.* at ¶ 52.

13. On August 4, 2023, the parties filed and exchanged their Reply Closing Submissions. *Id*. at ¶ 59.

4

14. On December 19, 2023, the Tribunal issued the Partial Final Award (Save As To Monetary Value Of Damages And Costs). *See generally id.*

15. The Tribunal ruled in favor of Petitioners, concluding that Respondent had committed a breach of contract with respect to each of the agreements. *Id.* at ¶ 303(a). The Tribunal found: (i) the losses suffered by Blockstream Corporation to be in the amount of 425.98 Bitcoins; (ii) the losses suffered by Thigmotropism LLC to be in the amount of 1,393.79 Bitcoins; and (iii) the losses suffered by Adam Back to be in the amount of 51.84 Bitcoins. *Id.* at ¶¶ 303(b)(1)-(3). The Partial Final Award also granted post-award interest at 8% per annum on all sums until the date of final payment to Petitioners. *Id.* at ¶ 303(c).

16. Finally, the Partial Final Award dismissed all other claims and counterclaims not covered in the Award, and deferred decision on the costs of the arbitration and legal fees until further submission from the parties. *Id.* at ¶¶ 303(d)-(e).

17. On January 16, 2024, the parties filed submissions on the monetary value of Bitcoin during the Merits Phase of the arbitration to determine the dollar value of the award. Final Award ¶ 9.

18. On February 16, 2024, the Tribunal issued the Final Award (Monetary Value Of Damages, Costs And Interest). *See generally id.*

19. In the Final Award, the Tribunal ordered Respondent to pay: (i) $5,875,968.12 to Blockstream Corporation; (ii) $19,225,939.26 to Thigmotropism LLC; and (iii) $715,080.96 to Adam Back. *Id.* at ¶¶ 52(a)(1)-(3).

20. The Final Award awarded costs of the arbitration in the amount of $2,336,128.30 to the Petitioners, to be paid by Respondent. *Id.* at ¶ 52(b). The Final Award further ordered Respondent to pay interest on the costs of arbitration at 8% per annum until the costs are fully

paid. *Id.* at ¶ 52(c). Finally, the Final Award dismissed all other claims and counterclaims. *Id.* at ¶ 52(d).

21. To date, Respondent has not tendered payment under the arbitral awards to Petitioners.

22. No grounds exist for this Court to refuse confirmation and recognition of either the Partial Final Award or the Final Award. Neither the Partial Final Award nor the Final Award have been vacated under 9 U.S.C. § 10, nor modified or corrected under 9 U.S.C. § 11.

WHEREFORE, Petitioners Blockstream Corporation, Thigmotropism LLC, and Adam Back respectfully request that this Court enter an order and judgment, pursuant to 9 U.S.C. §§ 201, 202, and 207: (i) confirming and recognizing the Partial Final Award and the Final Award; (ii) entering judgment in favor of Petitioners and against Respondent in the amount of the Final Award with the interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding Petitioners such other and further relief as the Court deems just and proper.

Dated: March 24, 2025
     New York, New York

Respectfully submitted,

*/s/John M. Conlon*
John M. Conlon
Kevin Brett Weehunt Jr.
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
Tel: (212) 506-2500
jconlon@mayerbrown.com
kweehunt@mayerbrown.com

*Attorneys for Petitioners Blockstream Corporation, Thigmotropism LLC, and Adam Back*